MARCUS, J.,
dissents and assigns reasons.
APPENDIX
TITLE 42
§ 4.1 Public policy for open meetings; liberal construction
It is essential to the maintenance of a democratic society that public business be *592 performed in an open and public manner and that the citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy. Toward this end, the provisions of R.S. 42:4.1 through R.S. 42:10 shall be construed liberally.
Added by Acts 1976, No. 665, § 1.
§ 5. Meetings of governing bodies and boards to be open to public
For the purposes of R.S. 42:4.1 through R.S. 42:10, “meeting” means the official convening of town and city councils, police juries and other governing bodies; school boards and boards of levee and port commissioners; boards of publicly operated utilities; and all state, parish, or municipal boards or authorities with policy making or administrative functions which receive or expend tax funds, the legislature specifically exempted, to discuss or act upon a matter over which the public body has supervision, control, jurisdiction, or advisory power. Such meetings shall be open to the public.
“Administrative conference” or “administrative accession” means any assembly of a quorum of a public body listed in the definitions of “meeting” above, other than a regular, special, or rescheduled meeting, held by that body for the purpose of discussing matters on which definitive action can be taken or advice officially determined, by the public body but only at a regular, special, or rescheduled meeting. A function solely of a social nature is not an administrative conference.
Amended by Acts 1976, No. 665, § 1; Acts 1977, No. 707, § 1.
§ 6. Closed meetings; administrative conferences
A. A public body may hold a meeting closed to the public upon an affirmative vote, taken at an open meeting for which notice has been given pursuant to R.S. 42:7, of two-thirds of its voting members present. A meeting closed to the public shall be limited to matters allowed to be exempted from discussion at open meetings by R.S. 42:6.1; provided, however, that no final or binding action shall be taken during such a closed meeting and that the closed meeting shall not be used as a subterfuge to defeat the purposes of this Chapter.
The reason for holding a meeting closed to the public, and the vote of each member on the question shall be stated in open meeting. Nothing in this Section or R.S. 42:6.1, shall be construed to require that any meeting be closed to the public.
B. Except as provided for in R.S. 42:6.1, nothing in this Chapter shall be construed to permit an administrative conference of any public body to be closed to the public and no administrative conference of any public body shall be closed to the public except as provided in said Section.
Amended by Acts 1976, No. 665, § 1; Act 1977, No. 707, § 1.
§ 6.1 Exceptions to open meetings
A. A public body may hold a meeting closed to the public pursuant to R.S. 42:6 for one or more of the following reasons:
(1) Discussion of the character, the professional competence, or physical or mental health of a single individual provided that such individual may require that such discussion be held at an open meeting;
(2) Strategy sessions or negotiations with respect to collective bargaining or litigation, when an open meeting would have a detrimental effect on the bargaining or litigating position of the public body;
(3) Discussion regarding the report, development, or course of action regarding security personnel, plans, or devices;
(4) Investigative proceedings regarding allegations of misconduct;
. (5) Cases of extraordinary emergency, which shall be limited to natural disaster, threat of epidemic, civil disturbances, suppression of insurrections, or the repelling of invasions, or other matters of similar magnitude;
(6) Any meeting of the State Mineral Board at which records or matters entitled to confidential status by existing law are *593 required to be considered or discussed by the board with its staff or with any employee or other individual, firm or corporation to whom such records or matters are confidential in their nature, and are disclosed to and accepted by the board subject to such privilege, for the exclusive use in evaluating lease bids or development covering state-owned lands and water bottoms, which exception is provided pursuant to and consistently with the Public Records Act, being Chapter I of Title 44 of the Louisiana Revised Statutes of 1950, as amended, and other such statutes to which the board is subject;
(7) Or any other matters now provided for or as may be provided for by the legislature.
B. The provisions of R.S. 42:4.1 through R.S. 42:10 shall not apply to judicial proceedings.
C. The provisions of R.S. 42:4.1 through R.S. 42:10 shall not prohibit the removal of any person or persons who wilfully disrupt a meeting to the extent that orderly conduct of the meeting is seriously compromised.
Added by Acts 1976, No. 665, § 1.
§ 7. Fixed date; time; place of regular meetings; notice of special meetings
A. All public bodies, except the legislature, shall give written public notice of any regular, special, or rescheduled meetings no later than twenty-four hours before the meeting; provided, however, that where the time, day or date, and place of the regular meeting of any public body is established and fixed by bylaw, resolution, ordinance or statute, written public notice of each such regular meeting shall not be required except that an annual notice must be given in January of each year, unless place of such meeting is rotated from more than one location in the jurisdiction of such public body in which case Subsection B of this Section shall be applicable. Written public notice of the bylaw, resolution, ordinance or statute fixing the time, day or date, and place of the regular meeting shall be given one time, and thereafter no further written public notice shall be required. Written public notice of any change in or amendment thereto shall be given one time no less than twenty-four hours in advance of the changed regular meeting date, and thereafter no further written public notice shall be required. In cases of extraordinary emergency such notice shall not be required; however, the public body shall give notice of the meeting as it deems appropriate and circumstances permit. The notice shall include the date, time, and place of the meeting.
B. Written public notice shall include, but need not be limited to:
(1) Posting a copy of the notice at the principal office of the public body holding the meeting, or if no such office exists, at the building in which the meeting is to be held; or by publication of the notice in the official journal of the public body no less than twenty-four hours in advance of said meeting; and
(2) Mailing a copy of the notice to any member of the news media who requests notice of such meeting, any such member of the news media shall be given notice of meetings in the same manner as is given to members of the public body.
Amended by Acts 1972, No. 669, § 1; Acts 1976, No. 665, § 1; Acts 1977, No. 707, § 1.
§ 7.1 Written minutes
A. All public bodies shall keep written minutes of all of their open meetings. Such minutes shall include, but need not be limited to:
(1) The date, time, and place of the meeting;
(2) The members of the public body recorded as either present or absent;
(3) The substance of all matters decided, and, at the request of any member, a record, by individual member, of any votes taken; and
(4) Any other information that the public body requests be included or reflected in the minutes.
*594 B. The minutes shall be public records and shall be available within a reasonable time after the meeting except where such disclosures would be inconsistent with R.S. 42:6 and R.S. 42:6.1.
Added by Acts 1976, No. 665, § 1.
§ 8. Sonic recordings
All or any part of the proceedings in a public meeting may be recorded by any person in attendance by means of a tape recorder or any other means of sonic reproduction.
Amended by Acts 1972, No. 669, § 1.
§ 9. Compliance with law
A. It shall be unlawful for the presiding officer or any official of any meeting required by law to be open to the public to hold meetings under any conditions contravening the provisions of R.S. 42:5 through R.S. 42:7.1.
B. Any presiding officer or official of such meetings, who violates any of the provisions of this Chapter, or any person who by any conspiracy, understanding, or cooperation with any other person hinders or attempts to hinder attendance by the public, shall upon first conviction be fined not less than one hundred dollars, and not more than one thousand dollars or shall be imprisoned for not more than seven days. Upon any subsequent conviction he shall be fined not less than two hundred fifty dollars, and not more than two thousand dollars, or imprisoned for not more than thirty days, or both.
Added by Acts 1972, No. 669, § 2. Amende ed by Acts 1976, No. 665, § 1.
§ 10. Enforcement
A. Each district attorney shall enforce the provisions of R.S. 42:4.1 through 42:9 with respect to those public bodies which are subject to his jurisdiction. Such enforcement shall be through a grand jury indictment, or upon a complaint by a citizen who resides within the jurisdiction of the public body against whom such complaint is made, or upon the initiative of the district attorney. A suit to enforce compliance with or to prevent violations of or to determine the applicability of any provision of R.S. 42:4.1 through R.S. 42:9 to discussions or decisions of public bodies shall be commended in a court of competent jurisdiction for the parish or city in which the public body ordinarily meets.
B. Any citizen residing within the governmental subdivisions served by the public body who is denied the rights conferred by •R.S. 42:4.1 through R.S. 42:9 may commence a suit in a court of competent jurisdiction for the parish or city in which the public body ordinarily meets for the purpose of requiring compliance with or preventing violations of or to determine the applicability of any provision of R.S. 42:4.1 through R.S. 42:9 to the discussions or decisions of the public body. The court shall order payment of court costs and attorney fees to a successful plaintiff in a suit. If the plaintiff is unsuccessful, he may be ordered to pay reasonable attorney fees as well as court costs if the court determines that the suit was of a frivolous nature with no substantial justification.
Added by Acts 1976, No.. 665, § 1. Amended by Acts 1977, No. 707, § 1.